IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| In re: James Johnson, <br> Patricia Johnson <br> *Debtor(s)* <br> <br> Christopher T. Micale, Trustee, <br> <br> *Movant*, <br> v. <br> <br> Bayview Loan Servicing LLC <br> <br> <br> <br> *Respondents*. | § § § § § § § § § § § § § § § | Case No. 17-71129 <br> <br> Chapter 13 <br> <br> <br> <br> <br> <br> Motion to Determine Mortgage <br> Payment Under Rule 3002.1 and <br> for Entry of Order to Show Cause |

**MOTION TO DETERMINE MORTGAGE PAYMENT UNDER RULE 3002.1
AND FOR ENTRY OF ORDER TO SHOW CAUSE**

### NOTICE OF HEARING

**TAKE NOTICE: A preliminary hearing on this Motion will be held before the Court on February 3, 2020, at 11:00 A.M. for scheduling purposes, at the United States Bankruptcy Court, 210 Church Avenue SW, Second Floor Courtroom, Roanoke VA 24011. If you wish to be heard and participate, you must file a response within seven (7) days in advance of said hearing and attend the same. Failure to respond and appear may be construed as default and an order may be entered against you.**

NOW COMES THE TRUSTEE, seeking entry of an order that determines the amount of

the Debtor's ongoing mortgage payment and that requires the Respondents named above to show

cause why sanctions should not be imposed, and shows as follows:

1.     The Debtors, James and Patricia Johnson, filed their voluntary petition with the

Court on August 23, 2017.

2.     At the time of the filing of the Debtors' petition, they were indebted to Bayview

Loan Servicing LLC (hereinafter "Bayview"), as indicated by Proof of Claim 14.

1

3.    At the time Claim 14 was filed, the same represented that the Debtor's ongoing monthly mortgage payment totaled $1,191.68, comprised entirely of principal and interest with <u>no escrow component</u>.

4.    The initial chapter 13 plan confirmed by the Court directed that the Debtors were to maintain the mortgage payment directly outside of case administration.

5.    On November 28, 2018 an amended plan was filed directing that the Trustee was to begin paying the mortgage with the payment due in January 2019.

6.    On December 10, 2018, a first notice of mortgage payment change (hereinafter, "First NMPC") was filed with the Court indicating a change in the Debtor's monthly mortgage payment amount which now included an escrow payment of $286.65. The Trustee is uncertain when the escrow was added into the monthly payment.

7.    The First NMPC reveals the following. On page five, it appears in the history that Bayview paid a hazard insurance premium of $104.14 in June 2018, $4,304.37 in real estate taxes in November 2018, and another insurance premium of $914.40 also in November 2018.

8.    At no point has Bayview filed a Notice of Post-petition Fees, Expenses and Charges related to the 2018 payment of real estate taxes and premiums.

9.    The requested ongoing monthly escrow of $286.65 would be impossible to pay not only the upcoming insurance premiums and real estate taxes but also the amounts advanced in 2018.

10.    On December 9, 2019, a second notice of mortgage payment change (hereinafter, "Second NMPC") was filed with the Court, this time decreasing payment on the escrow portion of the account from $286.65 to $267.20.

11. The Second NMPC continues to seek an escrow shortage amount due to the continued negative balance, but again, the shortage will not be sufficient to satisfy the negative account balance.

12. Bayview's failure to issue a Notice of Fees, Expenses and Charges as advanced in late 2018 violates Fed. R. Bankr. P. 3002.1(c).

13. Both the First NMPC and the Second NMPC escrow account analysis are incorrect as neither will bring the escrow account current and jeopardize the success of this Chapter 13 Plan.

14. When a creditor violates Fed. R. Bankr. P. 3002.1(c), then it may be subject to the actions provided in Fed. R. Bankr. P. 3002.1(i) which include precluding presentation of omitted information in any form and award monetary relief to other parties.

WHEREFORE, THE CHAPTER 13 TRUSTEE RESPECTFULLY PRAYS THIS COURT THAT:

A. A hearing be held to determine the amount of the Debtor's ongoing mortgage payment;

B. That an order be entered requiring the Respondents to show cause why sanctions should not be imposed on the same in an amount of not more than $5,000.00 for its failure to issue a notice in compliance with Fed. R. Bankr. P. 3002.1(c); and

C. That the Trustee have such other relief the Court deems necessary and proper.

**OFFICE OF THE CHAPTER 13 TRUSTEE
CHRISTOPHER T. MICALE, TRUSTEE**

By: */s/Christopher Micale*
CHRISTOPHER MICALE *Chapter 13 Trustee*
15 SALEM AVE. SE, STE. 300
ROANOKE, VA 24011
(540) 342-3774 (PH)
(540) 342-3062 (FAX)

3

**CERTFICATE OF SERVICE**

The Undersigned hereby certifies that on December 16, 2019 she uploaded a true and exact copy of the foregoing Motion to the Court's Electronic Case Filing System, notice of which shall be sent by operation of the Court's Electronic filing receipt to all parties entitled to receive notice electronically, including, Counsel for the Debtor. Other parties were served via United States Mail addressed as follows:

Nisha Patel
Samuel White, P.C.
1804 Staples Mill Road
Suite 200
Richmond, VA 23230


Bayview Loan Servicing, LLC
4425 Ponce De Leon Blvd.
5th Floor
Coral Gables, FL 33146
(Via First Class & Certified Mail Both)

*/s/ Carrie Schlotthober*
CARRIE SCHLOTTHOBER, CASE ADMINISTRATOR